■ JOSEPH ROSENBERG, Appellant, v HELMSLEY ENTERPRISES, INC., Respondent. [709 NYS2d 179] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered April 15, 1999, which, upon the prior grant of defendant's motion for summary judgment, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff broker executed an engagement agreement with defendant Helmsley that provided that he would receive a 5% finder's fee from Helmsley if Security Title and Guaranty Company, then owned by Helmsley, was sold to "Brooke Management, Inc., Brooke Group, Ltd. or any subsidiary or affiliate." It is undisputed that Brooke negotiated with Helmsley for the purchase of Security, and contemplated employing Fidelity, an entity wholly independent from Brooke, to manage Security once it had been purchased. The various drafts of the contemplated agreement between Fidelity and Brooke do not suggest that Fidelity was to obtain an ownership interest in

Security. Ultimately, however, Brooke did not purchase Security, but Fidelity did. Plaintiff alleges an entitlement to a finder's fee based, *inter alia*, on the engagement agreement.

Summary judgment dismissing the complaint was properly granted. Plaintiff's claim that he identified Fidelity as a buyer is not supported by the record, and, in any event, there is no indication that Helmsley agreed to pay a finder's fee to plaintiff for identifying any purchasers other than Brooke or its affiliates, as provided in the engagement agreement. Although there is some indication that Helmsley was amenable to other buyers, there is no proof that plaintiff's agreement with Helmsley was modified to entitle plaintiff to a fee for finding a non-Brooke purchaser. Accordingly, plaintiff's breach of contract cause of action was properly dismissed. Plaintiff's remaining causes of action to recover under theories of conscious appropriation, unjust enrichment and quantum meruit must also fail in the absence of proof sufficient to raise a triable factual issue as to whether plaintiff identified Fidelity to Helmsley as a buyer. Concur—Nardelli, J. P., Williams, Wallach, Rubin and Friedman, JJ.